IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN R. MURPHY, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| JOSHUA FINANCIAL SERVICES, INC., et al., | § | |
| | § | |
| Defendants, | § | |
| | § | Civil Action No. 3:06-CV-1253-K |
| v. | § | |
| | § | |
| JOHN CONNOLLY, SR., et al., | § | |
| | § | |
| Intervenors, | § | |
| | § | |
| v. | § | |
| | § | |
| JOSHUA FINANCIAL SERVICES, INC., et al. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs John R. Murphy, Socorro Murphy, and Jack's Paint & Body, Inc., (collectively "Plaintiffs") and Intervenors John Connolly, Sr., Michael McDonald, and Digital Attic, Inc.'s (collectively "Intervenors") Motion for Remand. For the following reasons, the Court **GRANTS** the motion.

Plaintiffs filed their original petition in this case in state court on March 20, 2006. Defendants Archer D. Bonnema and Jacob Bonnema (collectively "Bonnemas")

ORDER – PAGE 1

were the first defendants served on April 11, 2006. Intervenors filed their original petition in state court on June 2, 2006. On June 16, Intervenors' petition was served on those defendants, including The Guardian Life Insurance Company of America ("Guardian"). Guardian, with the other defendants' consent, removed the case to this Court on July 13, 2006 pursuant to 28 U.S.C. §§ 1441 and 1446.

Section 1441(c) provides: "Whenever a separate and independent claim or cause of action . . . is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein." 28 U.S.C. § 1441(c). Section 1446(b) provides, in relevant part: "The notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). Guardian argues an intervening complaint may be the basis for removal under section1441(c) and that it was done timely pursuant to section 1446(b). The Intervenors' petition was not the result of any action by the Plaintiffs; no amendment to the original petition, no joinder of claims. The Court does not find Guardian's argument persuasive and concludes that removal may not be based on an intervening petition or complaint. *See Henderson v. City of Chattanooga*, 2002 WL 32060139, *7-8 (E.D. Tenn. 2002)(claims introduced or interjected by intervention cannot provide basis for removal); *Hopkins Erecting Co., Inc. v. Briarwood Apartments of Lexington*, 517 F.Supp. 243, 250 (E.D. Ky. 1981)(removal improper when based on intervening claim which was not part of initial pleading nor resulted from voluntary act of plaintiff); *Smith v. St. Luke's Hosp.*, 480 F.Supp. 58, 61

(D.C. S.D. 1979)(intervention cannot be basis for removal); *see also Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir. 2004)(district court provided an allowable reason for remand pursuant to section 1447(c) when it rejected removing party's argument that removal based on intervening petition was proper, thereby divesting district court of any subject matter jurisdiction).

This is not a case involving a federal claim being raised for the first time in the Intervenors' petition. (The Court does not make any conclusions or findings as to the federal nature of the claims asserted in either the original petition or intervening petition.) In fact, a review of Plaintiffs' petition and Intervenors' petition reveals similar, if not identical, claims. This is more akin to a case involving multiple defendants, in which the first served defendant(s) failed to timely remove the case, thereby preventing the remaining defendants from removing the case. *See Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)(in cases involving multiple defendants, removal must be filed within thirty days after first defendant is served). For this case to have been timely removed, the petition for removal must have been filed on or before May 11, 2006, thirty (30) days after the Bonnemas were served with the Plaintiffs' original petition. *See* 28 U.S.C. § 1446(b)*; id*.

Because the removal cannot be predicated on the Intervenors' petition and the removal was untimely, the Court is without subject matter jurisdiction, and remand is proper. Therefore, the Court **GRANTS** Plaintiffs and Intervenors' Motion for Remand. The Court **REMANDS** the above-styled and numbered case to the 193rd Judicial

District Court, Dallas County.  The Court **ORDERS** Guardian to pay Plaintiffs' and Intervenors' attorneys' fees and costs.

    **SO ORDERED.**

Signed October 24th, 2006.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE